FRISBEE, APPELLANT, *v.* CITY OF CUT BANK, RESPONDENT.

(No. 8,142.)

(Submitted November 24, 1941. Decided November 28, 1941.)

[119 Pac. (2d) 272.]

*Mr. Selden S. Frisbee* and *Messrs. Hall & Alexander,* for Appellant, submitted a brief; *Mr. H. C. Hall* argued the cause orally.

No appearance in behalf of Respondent.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This action was brought to recover damages alleged to have been caused to plaintiff's property by drainage waters flooding his property through defendant's alleged negligence in making certain street improvements in the city of Cut Bank. The jury found for defendant. Plaintiff's motion for a new trial was denied and he appealed from the judgment.

Plaintiff's principal contention is that the evidence is insufficient to support the verdict and judgment. The complaint alleges that in 1920 the defendant established the grade of Central Avenue in Cut Bank, which street borders upon plaintiff's property described in the complaint; that the grade was higher than the natural grade and higher than the surface of the lots owned by the plaintiff; that in the year 1936 defendant contemplated the making of improvements in accordance with the established grade, and, to avoid the possibility of paying damages to the plaintiff, procured a waiver, the material parts of which are as follows: ''Now, therefore, I, the undersigned, do hereby waive any claim for damages against the City of Cut Bank, Montana, arising as a result of the improvements to be constructed on the said Central Avenue, subject to the following conditions: 1. The City of Cut Bank shall so construct said improvements that adequate drainage will be provided on

the said road or the said street opposite my property to properly drain and dispose of flood waters and divert the same away from my property''; that defendant in making the improvements on Central Avenue raised the grade approximately three feet above the surface of plaintiff's lots; and that for the purpose of disposing of the surface waters, the defendant constructed drainage ditches and did so in such a manner as to cause water to be collected and discharged on the property of the plaintiff, causing damages to his property.

The complaint consists of four causes of action, the first of which asks for damages in the sum of $760 caused to his property between the 9th and 14th days of March, 1938; the second asks for $100 damages caused to his property on the 24th day of May, 1938; the third asks for damages in the sum of $198 caused on the 22d and 23d days of June, 1938. The fourth cause of action was tried to the judge without a jury and is not involved here. The claim arising from each cause of action was alleged to have been served upon the city before the institution of the action. The answer was in effect a general denial. The evidence offered by the plaintiff need not be set out in detail. It is sufficient to say that it was ample to sustain the material allegations of the complaint.

Briefly summarized, the facts developed at the trial show that Central Avenue runs approximately north and south. The next avenue to the east is First Avenue East, followed in order by Second and Third Avenues East. Plaintiff's property is on the west side of Central Avenue and a short distance south of its intersection with Second Street South. The next street south of Second Street South is Third Street South. The natural slope of the ground for at least two blocks south and east of plaintiff's property is to the north and west. When the street improvements in question were made, Second Street South, which extends across this drainage area from east to west, was graded up approximately two feet above the natural ground level, and a drainage ditch was constructed along the south side of the street with culverts under the first and second avenues east where they intersect Second Street. The improve-

ment of Second Street thus forms a dam across the drainage area so that the surface waters are diverted approximately due west and prevented from flowing northward. At the same time that Second Street was improved, Central Avenue was also graded up and paved and drainage ditches were constructed along both sides of the avenue between Second and Third Streets South. The effect of the improvements of Central Avenue was to confine all drainage waters coming from the drainage area to the south and east and divert them to the north. The improvements on First, Second and Third Avenues East carried drainage waters north to Second Street where they were turned west toward Central Avenue. There was a twenty-four inch culvert placed in front of plaintiff's property across Central Avenue, and a twelve-inch culvert across Central Avenue at its intersection with Second Street South. The water that flowed westward along Second Street South was caused to back up and flow into the twenty-four inch culvert in front of plaintiff's property, thus discharging a large amount of the water from the drainage area involved upon his property. Prior to these improvements most of the waters from the drainage area in question flowed to the north across Second Street South without coming into contact with plaintiff's property. The foregoing facts were all established by plaintiff's evidence.

The evidence offered by the defendant fails to refute that offered by the plaintiff, and does not tend to raise any question for the jury's consideration. Whatever statements any of the witnesses made that might have supported the verdict were broken down upon cross-examination by showing that the witnesses really did not know anything about the area in question before the improvements were made and very little about it thereafter.

Defendant's witness Garske testified that the natural drainage of the area involved was toward plaintiff's property since it was the lowest point in the area. His testimony ignores the fact that the waters before the improvements were made flowed into old trails across the drainage area without coming into contact with plaintiff's property. On cross-examination he ad-

mitted that he never observed the actual drainage prior to putting in the improvements. Defendant's witness Micken admitted that prior to the construction much of the waters flowed over Second Street South in a northerly direction, and hence, would not reach plaintiff's property. The witness Daly made an examination of the country surrounding the Frisbee property, and testified that the natural drainage was toward the Frisbee property. His testimony fails to take into account the fact that before the improvements were made the waters were diverted from plaintiff's property by old trails as shown by plaintiff's evidence. The evidence was in such condition that we fail to find anything in the record which justified the jury in finding in favor of the defendant. The court should have granted plaintiff's motion for a new trial.

The judgment is reversed and the cause remanded for a new trial.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ERICKSON, ANDERSON and MORRIS concur.